UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DORRIS DOOLEY, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:17-cv-01087-WTL-MPB |
| SUPERINTENDENT Indiana Women's Prison, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Dorris Dooley for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IWP 16-07-0138. For the reasons explained in this Entry, Ms. Dooley's habeas petition must be **denied**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On July 21, 2016, Officer Rhodes wrote a Conduct Report charging Ms. Dooley with disorderly conduct. The Conduct Report states:

> On July 21, 2016 at approximately 7:55pm I officer Jonathan Rhodes noticed Offender Dorris Dooley #259567 dialing a number on the speaker phone in the recreation room of unit 11. Offender Dorris Dooley #259567 was informed of her recreation restrictions at the beginning of the shift. I Officer Jonathan Rhodes asked Offender Dorris Dooley #259567 to hang up the phone call and prepare to return to her cell. Offender Dorris Dooley #259567 ignored the order given her and continued her phone call. I Officer Jonathan Rhodes then asked Offender Dorris Dooley a second time to hand up the phone call. At this point Offender Dorris Dooley #259567 became verbally aggressive towards staff refusing to be cuffed. I Officer Jonathan Rhodes then informed Sergeant Mike Soriano of the events taking place. After the arrival of Sergeant Mike Soriano Offender Dorris Dooley #259567 was given the order to cuff up or be sprayed with O.C.. At approximately 8:16pm Offender Dorris Dooley #259567 agreed to be placed in mechanical restraints and escorted to cell 301. At approximately 8:20pm Offender Dorris Dooley #259567 was secured in her cell. At approximately 8:25pm Offender Dorris Dooley #259567 began banging her fist on the cell wall while screaming at Offender Ashlee Armfield #165229. I Officer Jonathan Rhodes then told offender Dorris Dooley #259567 to stop hitting and wall and to stop yelling, offender complied. Offender Dorris Dooley #259567 yelled "Fuck you" and started throwing her property around her cell. This behavior continued for approximately 20 minutes.

Dkt. 11-1 at 1.

Ms. Dooley was notified of the charge on July 25, 2016, when she received the Screening Report. She plead not guilty to the charge. She did not request any physical evidence, but requested fellow inmate S. Dunlap as a witness.

A hearing was held on July 27, 2017. At the hearing, Ms. Dooley stated:

> He had been harassing me about the wall thing he never told me that I was on any restrictions, I came in Rec., used the phone and I realized Rhodes was at the door and asked if I was ready to go and that I shouldn't have been on the phone. Before the Sgt. came he said cuff up or get sprayed.

Dkt. 11-4 at 1. Based on the Conduct Report, the hearing officer found Ms. Dooley guilty of disorderly conduct. The sanctions imposed included a credit-class demotion and the imposition of a suspended sanction from another disciplinary action.

Ms. Dooley appealed to Facility Head and the IDOC Final Reviewing Authority, but both of her appeals were denied. She then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Ms. Dooley purports to raise three claims in her habeas petition. She argues that she was unaware that she was not allowed to use the phone; that another inmate, not her, was the one banging her head against the wall; and that correctional officers are not permitted to humiliate inmates, as they did her. Ms. Dooley's first two arguments both challenge of the sufficiency of the evidence, while her third argument does not state a valid basis for habeas relief. The Court will address the two claims in turn.

   *1.     Sufficiency of the Evidence*

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in

the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The charge of "disorderly conduct" is defined as "exhibiting disruptive and violent conduct which disrupts the security of the facility or other area in which the offender is located." Dkt. 11-7 at 1. The Conduct Report alone can "provide[] 'some evidence' for the . . . decision," *McPherson*, 188 F.3d at 786, and here, it provides "some evidence" that Ms. Dooley engaged in disorderly conduct. Among other things, the Conduct Report reflects that Ms. Dooley initially failed to comply with an order to be placed in restraints, then after being placed in her cell, was "hitting [the] wall," yelled an obscenity at a correctional officer, "started throwing her property around her cell." Dkt. 11-1 at 1. Such behavior constitutes "disruptive and violent conduct" that disrupts the security of the facility, and thus the evidence was sufficient to find her guilty of disorderly conduct. Given this, it is irrelevant whether or not Ms. Dooley knew she could not use the phone; her conduct following her use of the phone is alone enough to find her guilty of disorderly conduct. Accordingly, Ms. Dooley is not entitled to habeas relief on this basis.

2.  *Subject to Humiliating Treatment by Correctional Officers*

Ms. Dooley's second claim is that she was subject to humiliating treatment by correctional officers when she should not have been. However, the Supreme Court in *Wolff* made clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." 418 U.S. at 556. The due process rights that apply, which are set forth in detail in *Wolff*, do not include any safeguards regarding humiliating treatment during or related to a disciplinary proceeding. And the procedural guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Ind. Parole*

*Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Accordingly, Ms. Dooley's claim does not implicate her due process rights and thus is not a basis for habeas relief in this action.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Ms. Dooley to the relief he seeks. Accordingly, Ms. Dooley's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/16/2017

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DORRIS L Y DOOLEY
259567
Indiana Women's Prison
401 North Randolph Street
Indianapolis, IN 46201

Frances Hale Barrow
DEPUTY ATTORNEY GENERAL
frances.barrow@atg.in.gov